FILED
United States Court of Appeals
Tenth Circuit

October 30, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN COBURN,

      Plaintiff-Appellant,

v.

REGENTS OF THE UNIVERSITY OF
CALIFORNIA, d/b/a Los Alamos
National Laboratory; ROBERT FARRIS;
WILLIAM GORMAN; BEVERLY
RAMSEY, in their official and individual
capacities,

      Defendants-Appellees.

No. 11-2130
(D.C. No. 6:09-CV-00728-JCH-ACT)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Steven Coburn was fired from his job only three weeks after he was hired. His

employer claims it's because he quickly proved himself an unwelcome addition to the

office thanks to his ethnic and racial slurs. Mr. Coburn insists none of this is true and

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brought suit claiming he was wrongfully discharged. Finding none of his claims persuasive, however, the district court dismissed the case. Now before us, Mr. Coburn seeks reversal on just one claim (breach of an implied employment contract) against one defendant (his former employer, Regents of the University of California, doing business as Los Alamos National Laboratory). Discerning no error in the district court's resolution of the implied contract claim, we affirm.

When Los Alamos offered Mr. Coburn a position in its Fire Protection Group, it did so in a letter that expressly stated Mr. Coburn would be a probationary employee for one year. It also conditioned his employment on compliance with various policies and procedures set forth in its Administrative Manual. Mr. Coburn admits that he accepted employment under these terms and conditions. But within just days of starting the job, complaints began streaming in from other employees. The complaints concerned Mr. Coburn's undue interest in other employees' salaries and the inappropriate sexual comments and racial and ethnic slurs he made about other employees. Soon Mr. Coburn received another letter, this one terminating his employment. The letter cited section 103 of the Administrative Manual, which states that Los Alamos retains the right to release a probationary employee at any time.

Everyone before us acknowledges that under applicable New Mexico law, employment is presumed to be at will when there is no definite term provided. *Trujillo v. N. Rio Arriba Elec. Coop, Inc.*, 41 P.3d 333, 341 (N.M. 2001). At-will employment allows the employer and the employee alike to end the relationship any

time for any reason. *Id.* But like most presumptions, this one has its exceptions, and Mr. Coburn seeks to invoke one here. He notes that an employer's authority to discharge an employee may be limited by implied employment contract provisions. *See id.* And he points out that implied contract provisions sometimes may be found in an employee handbook or personnel policy. *See id.* For the terms of an employee handbook to create an implied contract that alters the presumed at-will relationship, however, he acknowledges the provision must give rise to "reasonable expectations of termination for good cause only." *Hartbarger v. Frank Paxton Co.*, 857 P.2d 776, 783 (N.M. 1993).

Mr. Coburn argues he had a "reasonable expectation" that he would be fired only for good cause. By way of support he cites section 103 of the Administrative Manual. But as we've already explained, that provision expressly reserves to Los Alamos the right to fire a probationary employee like Mr. Coburn at any time. To this, Mr. Coburn replies that section 103 must be read against Los Alamos's customary practices in dealing with problem employees — practices that, he says, usually include a fair amount of process, time for reflection, and supervisor involvement. According to Mr. Coburn, none of this customary process was followed in his case: he was just summarily dismissed. But whatever other difficulties might attend this response, it is surely fatal that there is no evidence in the record before us showing that Mr. Coburn *knew* about these alleged customary processes before his discharge. Quite the opposite — he says he found out about

- 3 -

them after he sued Los Alamos. Given that fact, no reasonable jury could find that Mr. Coburn had a "reasonable expectation" at the time of his employment that Los Alamos would follow any particular processes before discharging him. *See Trujillo*, 41 P.3d at 341-42 (to create an implied contract, policies on termination must be "sufficiently explicit to create a reasonable expectation" the employer will follow them "as a prerequisite to termination").

Seeking support elsewhere, Mr. Coburn points us to section 112 of the Administrative Manual. The difficulty is that Mr. Coburn never placed this section before the district court, and our review is generally limited to materials before the district court when it made its ruling. *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1022 (10th Cir. 2002). To be sure, Mr. Coburn now seeks to place the provision before us by including it in his appendix on appeal. But Los Alamos has moved to strike this portion of the appendix on the basis that it reflects materials not before the district court. And we grant that motion because, once again, we generally will not consider or reverse a district court based on evidence it never had a chance to review. *Id.* Neither, in any event, would section 112 alter our analysis, as it does not purport to alter Los Alamos's authority to terminate a probationary employee.

Beyond his implied contract claim, Mr. Coburn intimates an interest in challenging the district court's dismissal of his wrongful discharge claim. The difficulty is he offers no more than that, supplying no argument or authority in his briefs suggesting how or why the district court erred. Accordingly, we deem any

- 4 -

claim of error on this particular score waived.  *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

Los Alamos's motion to strike is granted and the judgment of the district court is affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge